## Fleck's Estate.

*Wills—Legacies—Distribution per stirpes.*

Testator directed as follows:

"The remaining part of the estate shall be equally divided among the following named:

"To Cornelius Fleck son of Louis Fleck.

" " Alfred Fleck son of William Fleck.

" " Henry Fleck son of Charles Fleck.

" " The ten children of August Fleck, namely, Carl, Elizabeth, Lillie, August, Albert, Louis, Frank, Ernest, Fred and Rose; should any of these ten children be dead before me their share shall be divided among the remaining children of August Fleck." All of the legatees were children of testator's brothers. August was the only brother who survived testator. *Held,* that the estate should be divided into four parts and distributed per stirpes.

Argued April 11, 1905. Appeal, No. 135, April T., 1905, by Albert Fleck, from decree of O. C. Allegheny Co., April Term, 1904, No. 103, dismissing exceptions to adjudication in Estate of Franz J. Fleck, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to adjudication. Before OVER, J.

The opinion of the Superior Court states the facts.

*Errors assigned* was decree dismissing exceptions.

*A. B. Angney,* with him *J. M. Shields,* for appellant.—The word "equally to be divided" and words of the same import in a will mean a per capita distribution: Hiestand v. Meyer, 150 Pa. 501; Bender's Appeal, 3 Grant, 210; Dible's Estate, 81* Pa. 279; Risk's App., 52 Pa. 269; Smith's App., 159 Pa. 346.

The use of the names of testator's brothers in the clause of testator's will in question is merely for the purpose of identification, or description, and not for the purpose of creating separate classes: Priester's Estate, 23 Pa. Superior Ct. 386.

Where a gift is to persons or classes of persons who stand

in the same relation to the testator the analogy furnished by the intestate laws indicates a division per capita: Scott's Estate, 163 Pa. 165.

*W. A. Way*, with him *Albert J. Walker, Alvin A. Morris* and *Thos. M. & Rody P. Marshall*, for appellees.—There is no absolute rule of construction on this question one way or the other; the intention of the testator as evidenced by the will itself must alone govern: Ihrie's Estate, 162 Pa. 369 at p. 373; Osburn's Appeal, 104 Pa. 637; Penney's Est., 159 Pa. 346.

The distribution was properly made per stirpes: Osburn's App., 104 Pa. 637; Penney's Est., 159 Pa. 346; Risk's App., 52 Pa. 269; Miller's Est., 26 Pa. Superior Ct. 453; Ihrie's Est., 162 Pa. 369; Green's Est., 140 Pa. 253.

OPINION BY HENDERSON, J., July 13, 1905:

The residuary clause of the will out of which this case arises is in these words :

" The remaining part of the estate shall be equally divided among the following named.

" To Cornelius Fleck son of Louis Fleck.

" Alfred Fleck son of William Fleck.

" Henry Fleck son of Charles Fleck.

" The ten children of August Fleck, namely, Carl, Elizabeth, Lillie, August, Albert, Louis, Frank, Ernest, Fred & Rose ; should any of these ten children be dead before me, their share shall be divided among the remaining children of August Fleck.

" I direct that two hundred and twenty-five dollars ($225), which I have paid for Cornelius Fleck, be deducted from his share, and should he claim any wages for services, the same shall also be deducted from his share."

We are called upon to determine whether under this provision of the will distribution should be made per stirpes. The legatees are all children of the brothers of the testator. One of the brothers, August, was living at the time of the testator's death. Cornelius, Alfred and Henry were the only children of their respective parents. The learned judge of the orphan's court was of the opinion that the legatees took per stirpes, and

this conclusion, we think, was correct, having regard for the form of the bequest and the situation of the parties. The will exhibits evidence of an intention to give to the nephews and nieces in classes, and to provide equally for the representatives of the three deceased brothers and the surviving brother of the testator. The designation of each class separately and the use of the preposition " to " in connection with each class indicates such a purpose. It will be noticed too, that the bequests to the three nephews first named are to the legatees naming them, after which follows the name of the parent. The last bequest is to the legatees as a group, described as the children of the surviving brother, after which occur their names.

These ten children are treated as a class in the further provision that if any one of them should die before the testator, the share of such person should be divided among the remaining members of that group. This direction shows quite clearly an intention to make a different provision for the children of August Fleck from that provided in the case of the other legatees. A per capita distribution would give to each of the nephews and nieces an equal share of the estate. The bequest that the surviving children of August take the shares of any deceased brothers and sisters prevents such equal distribution. Equality is essential to a distribution per capita, and we conclude that the testator did not intend that the legatees named should in any event take equally. He seems rather to have intended that the nephews and nieces named should stand in the place of their parents, and take the same shares which the brothers of the testator would have taken if the bequest had been to them in equal shares. The equality which the testator contemplated was an equality among the four classes referred to. No technical rule of construction opposes this interpretation, and we think the intention of the testator is manifest. The clear opinion of the learned judge of the court below obviates further discussion. The decree is affirmed.